United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) |
| v. | ) Criminal Case No. 18-20440-CR-Scola ) |
| Janer Portocarrero Enriquez, Defendant. | ) ) ) |

## Order Denying Motion for Sentence Reduction

    This matter is before the Court on the Defendant Janer Portocarrero Enriquez's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 82.) Mr. Portocarrero Enriquez seeks a sentence reduction based upon the sentencing guidelines "adjustment for certain Zero-point offenders." (*Id.*) Mr. Portocarrero Enriquez submitted another motion for a sentence reduction on this same basis in October 2023. (ECF No. 71.) The Government opposed his motion (ECF No. 73), and the motion was denied. (ECF No. 74.) Again, the Government opposes Mr. Portocarrero Enriquez's motion. (ECF No. 83.) After considering the motion, the relevant case law and statutes, and the procedural history of the case, the Court **denies** Mr. Portocarrero Enriquez's motion. (**Mot., ECF No. 82.**)

    "[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

    First, the Court must determine if a retroactive amendment to the Sentencing

Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). Mr. Portocarrero Enriquez was sentenced to 120 months (ECF No. 54), and the Government never filed a motion reflecting substantial assistance by Mr. Portocarrero Enriquez.  His original offense level was 35, criminal history I, with a guideline range of 168 to 210 months. If the Court were to apply Amendment 821 to Mr. Portocarrero Enriquez's guideline range, it would result in an offense level of 33, criminal history I, and a new guideline range of 135 to 168 months. Pursuant to the applicable policy statement, the Court cannot reduce Mr. Portocarrero Enriquez's term of imprisonment below the minimum of the amended guideline range—i.e., below 135 months. Because the Court's judgment imposed a sentence of 120 months, which is below the new guideline range, the Court is precluded by the applicable policy statement from reducing Mr. Portocarrero Enriquez's sentence pursuant to § 3582(c)(2). Mr. Portocarrero Enriquez's 120-month sentence was also the mandatory minimum sentence, further precluding the Court from reducing his sentence now.

Because the application of Amendment 821 would not reduce Mr. Portocarrero Enriquez's sentence, the Court declines to reach the second step of the analysis to consider the § 3553(a) factors. Accordingly, the Court has no legal authority to impose a sentence of less than 120 months. Mr. Portocarrero Enriquez's motion for reduction of sentence is **denied**. (**Mot., ECF No. 82.**)

**Done and ordered** at Miami, Florida on March 21, 2024.

_____
Robert N. Scola, Jr.
United States District Judge